James A. WITT, Jr.,
and Roxieanna I. Witt,
*Respondents,*

*v.*

Robert L. KELLER
and Judith A. Keller,
*Appellants,*

Jeanette J. ROEHRICH,
Betty Lowen and Realty House, Inc.,
*Defendants.*

(86C-12210; CA A48713)

800 P2d 791

Norman F. Webb, Salem, argued the cause and filed the briefs for appellants.

Dale L. Crandall, Salem, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendants,[1] sellers, prevailed in an action by plaintiffs, as buyers, for, among other things, breach of an earnest money agreement for the sale of land and a building. The court entered a judgment for defendants, but it denied attorney fees to them. Defendants appeal and assign as error the denial of attorney fees. We affirm.

The parties executed the earnest money agreement in April, 1984. It described the building and made representations about its condition. When the sale closed in May, 1984, the parties executed a land sale contract that did not contain those representations. Later, plaintiffs sued for damages for breach of the representations in the earnest money agreement. As a defense, defendants asserted that the land sale contract constituted a novation. The jury gave a general verdict for defendants.

The earnest money agreement also provided:

"If suit or action is filed on this agreement, the party not prevailing agrees to pay the prevailing parties [sic] reasonable attorney fees which shall be fixed by the Court or Courts in which the suit or action, including any appeal therein is tried, heard or decided."

After the trial, defendants submitted a request for $16,040 attorney fees. ORCP 68. Plaintiffs made no objection with respect to amount, but they objected to the claim for attorney fees on the ground, among others, that the novation extinguished the earnest money agreement on which defendants based their claim.

The court issued a memorandum opinion:

"Defendants Keller successfully defended plaintiffs' earnest money claim by establishing that the subsequent land sale contract executed between plaintiff James Witt and defendants Keller constituted a novation by which the earlier earnest money contract was extinguished. In other words, defendants Keller proved that the earlier earnest money agreement, including the attorney fee provision upon which

---

[1] The original defendants were the Kellers, Roehrich, Lowen and Realty House, Inc. The court granted a judgment that dismissed plaintiffs' claims against Roehrich, Lowen and Realty House, Inc., with prejudice. They do not appeal. "Defendants" refers only to the Kellers.

defendants Keller rely for recovery of attorney fees in this action, was mutually rescinded by the parties and that the subsequent land sales contract was substituted in its place. That being so, there is no legal basis for defendants Keller to recover attorney fees from plaintiffs.

"Defendants Keller contend that because they defensively asserted the novation they are not prevented from recovering attorney fees under the novated earnest money agreement. That is not correct. *Bodenhamer vs.* [*sic*] *Patterson,* 278 Or 367[, 563 P2d 1212] (197[7]). Defendants Keller also contend that a novation, unlike unilateral rescission of a contract, recognizes the validity of the novated contract up to the time when the new contract is substituted for it. The Court agrees with this proposition, inasmuch as the executory obligations of the parties under the original contract are the consideration which supports the new contract. However, in the Court's view, this distinction is not material in respect to the right of the parties to claim the benefits of the novated contract. In the case of both the unilateral rescission, and a novation, the original contract is at an end, and, therefore, can not be the basis for the recovery of attorney fees."

Nonetheless, defendants contend that they are entitled to attorney fees, because they prevailed in plaintiffs' action and did not disaffirm the earnest money agreement. They assert that, although the land sale contract was a novation, it was not a rescission of the earnest money agreement.

Defendants prevailed below on their defense of novation. They successfully established that the land sale contract replaced the earnest money agreement, which alone contained their representations about the condition of the building. Plaintiffs' action for breach of those representations was based on the earnest money agreement. In their defense, defendants established that the earnest money agreement was no longer in existence and was not enforceable.[2] Under the rationale of *Bodenhamer v. Patterson, supra,* and *Pickinpaugh v. Morton,* 268 Or 9, 519 P2d 91 (1974), the court did not err when it denied defendants attorney fees.

Affirmed.

---

[2] Defendants do not argue that the parties intended the attorney fee provision in the earnest money agreement to survive, even though the rest of that agreement was replaced.